IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:06CV153-03-V
(5:94CR5-P)

| | |
|---|---|
| ANTHONY GEORGE ROSS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| HEAD JAILER, CARLYLE HOLDER, ) | |
| F.C.C./USP-2 COLEMAN, FL ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court for an initial review of Petitioner's "Writ of Habeas Corpus and Memorandum in Support for Lack of Subject Matter Jurisdiction" filed November 27, 2006 (Document No. 1.) Petitioner specifically states under the title of his document that this motion is "[n]ot to be construed as a 28 U.S.C. :**". As Petitioner did not fill in a specific section of Title 28 but instead used stars after his citation to title 28, this Court is not clear under what section Petitioner does not want this document construed. Furthermore, Petitioner does not provide authority under which this Court should construe his motion. However, Petitioner is clearly attempting to challenge his underlying conviction by arguing that this Court was without jurisdiction to hear his case. The Court can only guess that Petitioner is attempting to have the instant motion considered under either 28 U.S.C. § 1651 or 28 U.S.C. § 2255. Due to the fact that Petitioner was convicted and sentenced over ten years ago, this Court assumes that Petitioner's Motion is filed pursuant to 28 U.S.C. § 1651, which is not covered by the Antiterrorism and Effective Death Penalty Act's one-year limitations period. 28 U.S.C. § 2255 would seem an unlikely source of authority since

1

it does have a restrictive one-year limitations period. This Court will consider Petitioner's Motion under 28 U.S.C. § 1651 and to the extent that Petitioner wishes to have his claim considered under 28 U.S.C. § 2255, Petitioner may file such motion and address why his petition should be considered timely .

## I. FACTUAL AND PROCEDURAL BACKGROUND

A review of the record reveals that on June 9, 1994 Petitioner was found guilty after a jury trial and convicted of nine counts–two counts of robbery under 18 U.S.C. § 2113(a), two counts of armed bank robbery, under 18 U.S.C. § 2113(d), two counts of use of a firearm in relation to a violent offense under 18 U.S.C. § 924(c)(1), two counts of possession of a firearm by a felon under 18 U.S.C. § 922(g)(1) and one count of conspiracy to commit a federal offense under 18 U.S.C. § 371. On August 19, 1994 the Honorable Robert Potter sentenced Petitioner to 294 months imprisonment on Counts 1, 2,3,6,7 and 9; 60 months imprisonment on Count 4 to run consecutively to Counts 1,2,3,5,6,7 and 9 and 240 months imprisonment on Count 8 to run consecutively to all other counts plus 5 years for each of Counts 3 and 7; 3 years for each of Counts 1,2,4,5,6,8 and 9 to run concurrently. On August 25, 1994 Petitioner filed a Notice of Appeal and on February 20, 1996 the Fourth Circuit Court of Appeals affirmed the judgment in part and vacated in part. The Court vacated the judgement with regard to the § 2113(a) convictions and remanded the case to this Court to strike the § 2113(a) convictions. On March 25, 1996 Judge Potter entered an amended judgment vacating the § 2113(a) convictions (Counts 2 and 6) and leaving unchanged the term of imprisonment and the term of supervised release. However, the Court did reduce the assessment and the fine.

The Petitioner filed the instant Motion on November 27, 2006, more than ten years after the

2

Fourth Circuit affirmed in part and vacated in part Petitioner's judgment. As far as this Court can determine, Petitioner has not filed any motions attacking the validity of his conviction on collateral review other than the instant motion. However, the Court notes that on February 8, 2006 the Fourth Circuit Court of Appeals denied Petitioner's motion to file a successive application as unnecessary.

Upon careful consideration of the foregoing documents and the controlling legal precedent, the Court concludes that the Petitioner's "Petition for Writ of Habeas Corpus and Memorandum in Support for Lack of Subject Matter Jurisdiction" should be denied pursuant to 28 U.S.C. § 1651.

## II. ANALYSIS

A writ of error coram nobis may be used "to vacate a conviction after the sentence has been served," but "only under circumstances compelling such action to achieve justice" and "where no other remedy [is] available." United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir. 1988). The United States Supreme Court has explained that the "All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996). The Court went on to note that in light of the "enactment of the Federal Rules of Criminal Procedure, it is difficult to conceive of a situation where [a writ of error coram nobis] would be necessary or appropriate." Id. (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947) (brackets in original).

Here, because Petitioner is in custody, a writ of error coram nobis is not the proper vehicle for him to use to challenge his incarceration. See United States v. Smith, 77 Fed. Appx. 180 (4th Cir. 2003) (dismissing petition for writ of error coram nobis after determining that petitioner was in custody). Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 1651, this Court

3

must deny relief due to the fact that Petitioner remains in federal custody pursuant to the sentence he is attacking and a writ of coram nobis is available only when the petitioner is not in custody. Id.

Next, to the extent that Petitioner wishes to have his claim considered under 28 U.S.C. § 2255, he may file such a motion, but must specifically address the timeliness of his motion as it appears to this Court that any such motion would be untimely as his case became final approximately ten years ago. Indeed, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Here, Petitioner was sentenced on August 19, 1994 and judgment was entered on September 26, 1994. However, pursuant to his appeal to the Fourth Circuit Court of Appeals, an amended judgment was entered on March 25, 1996. Petitioner did not file the instant Motion to Vacate until November 27, 2006 – that is, more than nine years after the expiration of the limitations period.

4

Therefore, to the extent that Petitioner is seeking relief under 28 U.S.C. § 2255, Petitioner may file such motion under a new case number but must specifically address why this Court should construe his motion as timely filed in light of the AEDPA.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Petition for Writ of Habeas Corpus and Memorandum in Support for Lack of Subject Matter Jurisdiction" is denied under 28 U.S.C. § 1651.

**SO ORDERED**.

Signed: December 28, 2006

Richard L. Voorhees
United States District Judge